United States District Court
Southern District of Texas
**ENTERED**
May 01, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| CHRISTINA FAITH ACEVEDO, § <br> Plaintiff § <br> § <br> v. § <br> § <br> KILOLO KIJAKAZI, § <br> Acting Commissioner of Social Security, § <br> Defendant § | Civil Action No. 1:22-cv-58 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Plaintiff Christina Faith Acevedo's "Motion for Summary Judgment" and "Memorandum in Support of a Motion for Summary Judgment" (hereinafter, collectively, Plaintiff's "Motion" or "Motion for Summary Judgment"). Dkt. Nos. 10, 10-1. The Court is also in receipt of Acting Commissioner Kilolo Kijakazi's "Cross Motion for Summary Judgment" and "Brief in Support of Cross Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment" (hereinafter, collectively, Commissioner's "Motion" or "Motion for Summary Judgment"). Dkt. Nos. 11, 12. For the reasons provided below, it is recommended that the Court: 1) **DENY** Plaintiff's Motion for Summary Judgment; 2) **GRANT** the Commissioner's Motion for Summary Judgment; and 3) **AFFIRM** the decision of the Commissioner.

**I. Jurisdiction**

Christina Faith Acevedo (hereinafter, "Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security (hereinafter, "Commissioner") denying her application for disability insurance benefits (hereinafter, "DIB") under Title II of the

Social Security Act (hereinafter, the "Act"). *See* Dkt. Nos. 1, 10-12. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II.  Factual and Procedural History

On January 14, 2020, Plaintiff filed an application for DIB, alleging disability beginning on January 1, 2019. Dkt. No. 8-10 at 2-8. Her application was initially denied on December 22, 2020, and upon reconsideration on March 26, 2021. Dkt. No. 8-6 at 4-8; Dkt. No. 8-6 at 10-13. On October 26, 2021, Administrative Law Judge Charlie Johnson (hereinafter, the "ALJ") held a hearing and on November 26, 2021, he issued a decision finding that Plaintiff was not disabled. Dkt. No. 8-4 at 2-23. Plaintiff filed an appeal with the Appeals Council, which ultimately denied review, making the ALJ's decision final and ripe for judicial review. Dkt. No. 8-3 at 2-7.

Pursuant to 42 U.S.C. § 405(g), on May 23, 2022, Plaintiff filed her Complaint seeking to overturn the decision of the ALJ. Dkt. No. 1. On September 23, 2022, Plaintiff filed her Motion for Summary Judgment. Dkt. No. 10. On October 19, 2022, the Commissioner filed her Motion for Summary Judgment. Dkt. No. 11. Plaintiff did not file a reply.

## III.  Standard of Review

On review of the Commissioner's denial of benefits, a reviewing court must limit its analysis to: (1) whether the Commissioner applied the correct legal standards; and (2) whether substantial evidence supports the Commissioner's decision. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Substantial evidence is "'sufficient evidence' to support the agency's factual determinations . . . [T]he threshold for such evidentiary

sufficiency is not high . . . [It] means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). In applying the substantial evidence standard, a court must limit its review to the record. *Winston ex rel. D.F. v. Astrue*, 341 Fed. Appx. 995, 997 (5th Cir. 2009). It may not reweigh evidence, consider issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*

## IV. Establishing Disability

A claimant is not entitled to benefits under Title II unless the individual has a qualifying disability, as that term is defined by the Act. 42 U.S.C. § 423(d)(1)(A); *Heckler v. Campbell*, 461 U.S. 458, 459-61 (1983). Under the Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]". 42 U.S.C. § 423(d)(1)(A). A sequential five-step process is used to determine whether a claimant qualifies as disabled. *See* 20 C.F.R. § 404.1520(a)(4).

At steps one through four, claimants bear the burden of proving that: (1) they have not engaged in substantial gainful activity during the relevant period; (2) they have one or more severe impairments; (3) their impairment(s) qualify as either a listed impairment in the appendix to the regulations, or equivalent to a listed impairment; and (4) if they do not have an impairment or combination of impairments qualifying as a listed impairment or its equivalent, the impairment or combination of impairments they have given them a residual functional capacity that prevents them from performing past relevant work. 20

C.F.R. § 404.1520(a)(4)(i) – (iv); *Leggett v. Chater*, 67 F.3d 558, 564 n. 2 (5th Cir. 1995).[1] The claimant bears the burden of proving a disability under the first four steps of the analysis. Subsequently, at the fifth step, the Commissioner must show that the claimant is capable of performing work in the national economy and is therefore not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A determination at any step that the claimant is or is not disabled terminates the inquiry. *Leggett*, 67 F.3d at 564.

## V. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from January 1, 2019 to December 31, 2020. Dkt. No. 8-4 at 7. At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease, obesity, hypertension, asthma, anxiety depression, panic disorder, and posttraumatic stress disorder. *Id.* At step three, the ALJ found that Plaintiff's impairments failed to meet or equal a listed impairment for presumptive disability under the regulations. *Id.* at 8.

Before moving to step four, the ALJ found that Plaintiff had the residual functional capacity (hereinafter, "RFC") to perform sedentary work as defined by 20 C.F.R. § 404.1567(a), subject to the following limitations: (1) she is limited to occasional posturals, meaning balancing while standing or walking on level terrain, kneeling, stooping, crouching, crawling, or climbing; (2) she must avoid concentrated exposure to hazards, such as unprotected heights and dangerous and moving machinery, environmental

---

[1] While the regulations refer to the assessment of disability as a sequential five-step process, it might be more aptly described as a six-step process because the Commissioner must determine a claimant's residual functioning capacity after step three, but before step four. *See* 20 C.F.R. § 404.1520(e) ("Before we go from step three to step four, we assess your residual functional capacity."); *Kneeland v. Berryhill*, 850 F.3d 749, 754 (5th Cir. 2017).

irritants, extreme heat or cold, wetness, and humidity; (3) she is limited to simple, routine, and repetitive tasks; (4) she must avoid fast-paced work and strict production quotas; and (5) she is limited to simple work-related decisions, and infrequent and gradual workplace changes.  Dkt. No. 8-4 at 11.  At step four, the ALJ found that Plaintiff could not perform her past relevant work.  *Id*. at 25.  At step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and the testimony of a vocational expert.  *Id*. at 17.  The ALJ found that Plaintiff could perform other sedentary work existing in significant numbers in the national economy.  *Id*.

## VI.  Discussion

In her Motion, Plaintiff contends the Commissioner's decision should be reversed because the ALJ erred in failing to: (1) properly develop the record based on his failure to re-contact Dr. Bailey; and (2) explain the differences between the vocational expert's testimony and the Department of Labor's Dictionary of Occupational Titles (hereinafter, the "DOT").  Dkt. No. 10-1.  The Commissioner disputes these allegations and states that she is entitled to summary judgment as a matter of law and her decision should be affirmed.  Dkt. No. 12.  The Court addresses each of Plaintiff's arguments in turn.

### A. Whether the ALJ Properly Developed the Record

Plaintiff contends the ALJ failed to adequately develop the record by failing to re-contact Dr. Bailey.  Dkt. No. 10-1 at 6.  Specifically, Plaintiff argues she was prejudiced because the ALJ "disregarded the report of Dr. Bailey on the basis that Dr. Bailey failed to provide a functional assessment."  *Id*. at 7.

To determine whether the ALJ fully and fairly developed the record, the Court reviews the record to determine if it contains sufficient evidence to allow the ALJ to make

an informed decision. *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008) (citing *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996)). So long as such evidence exists, the ALJ does not need to supplement the record with additional evidence. *Id.* (citing 20 C.F.R. §§ 404.1516, 416.916; *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir.1989)). While the claimant bears the burden of proving her disability by establishing a physical or mental impairment, the ALJ *may* re-contact a treating physician or other medical source if there is insufficient evidence to determine whether the claimant is disabled. *See Perry v. Colvin*, No. 13-cv-2252-P, 2015 U.S. Dist. LEXIS 124189, at *7 (N.D. Tex. Sept. 17, 2015) (emphasis added); *see also* 20 C.F.R. § 404.1520b. The decision to re-contact medical sources or facilitate further source testimony is akin to the decision to order consultative examinations; it is entirely within the ALJ's discretion. *Id.*; *see Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir. 1987).

Critically, the record does not support Plaintiff's argument. While the ALJ noted that Dr. Bailey failed to provide a functional assessment of Plaintiff's mental capabilities, the ALJ considered and specifically referenced Dr. Bailey's findings throughout his report. *See* Dkt. No. 8-4 at 16, 22. Plaintiff fails to show how re-contacting Dr. Bailey would have produced evidence that would alter the ALJ's decision. Plaintiff, then, fails to show how she was prejudiced by the ALJ's alleged failure. The Court finds that the record contains substantial evidence to support the ALJ's decision, and the Commissioner is entitled to judgment as a matter of law.

### B. Whether the ALJ's Determination is Consistent with Jobs Proposed

Plaintiff further contends that the ALJ's decision was not supported by substantial evidence because the vocational expert's testimony that Plaintiff could perform certain identified jobs is in conflict with the DOT. Dkt. No. 10-1 at 9-11.

Plaintiff suffered from additional impairments which potentially precluded Plaintiff from performing a significant number of light, unskilled jobs, and made application of the Medical-Vocational Guidelines inappropriate. Dkt. No. 8-4 at 17. The ALJ, then, solicited the assistance of a vocational expert. The ALJ posed a hypothetical question to the vocational expert which included all the limitations identified by Plaintiff and supported by any objective medical evidence. *Id*. Considering the impairments found by the ALJ, the vocational expert testified that Plaintiff could perform the jobs of document preparer, addresser, and hand suture winder. *Id*. at 18.

In her Motion, Plaintiff notes that the DOT ascribes a "Reasoning Level" 2 or 3 to the jobs identified by the vocational expert. Dkt. No. 10-1 at 10. However, Plaintiff argues that the vocational expert's testimony is inconsistent with the skill requirements listed in the DOT job descriptions. *Id*. Plaintiff further argues that the ALJ failed to explain in his decision how he resolved the alleged conflict. *Id*. at 11.

Plaintiff's argument misses the mark. Although the Fifth Circuit has not addressed this specific issue, this Division, and courts in sister circuits have held that a person who is limited to simple tasks and simple decisions can be asked to perform jobs requiring Level 2 and Level 3 reasoning. *Hurtado v. Comm'r. of Soc. Sec.*, 425 F. App'x 793, 794-95 (11th Cir. 2011); *Morris v. Comm'r. Soc. Sec. Admin.*, 421 F. App'x 693, 694 (9th Cir. 2011); *Cottman v. Astrue*, No. BPG-08-1753, 2009 U.S. Dist. LEXIS 114757, at *6 (D. Md. Dec. 9, 2009), aff'd, 400 Fed. Appx. 769 (4th Cir. 2010); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007); *Brumley v. Saul*, No. 4:20-CV-585, 2021 U.S. Dist. LEXIS 54044, at *5 (S.D. Tex. Mar. 23, 2021); *Ramos v. Saul*, No. CV 1:19-109, 2020 U.S. Dist. LEXIS 157700, at *20 (S.D. Tex. July 29, 2020), *report and recommendation adopted*, No. 1:19-cv-109, 2020 U.S. Dist. LEXIS

156557 (S.D. Tex. Aug. 28, 2020). After reviewing the entire record, it appears the vocational expert's testimony that Plaintiff could perform the identified jobs adequately supports the ALJ's determination that Plaintiff could perform other available work. The Court finds that the record contains substantial evidence to support the ALJ's decision, and the Commissioner is entitled to judgment as a matter of law.

## VII.  Recommendation

It is recommended that the Court: 1) **DENY** Plaintiff's Motion for Summary Judgment; 2) **GRANT** the Commissioner's Motion for Summary Judgment; and 3) **AFFIRM** the decision of the Commissioner.

## VIII.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **1st** day of **May, 2023,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge