United States District Court
Southern District of Texas
**ENTERED**
June 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CHRISTINA FAITH ACEVEDO, §<br>"Plaintiff," §<br>§<br>v. §<br>§<br>KILOLO KIJAKAZI, Acting Commissioner of §<br>Social Security, §<br>"Commissioner." | Civil Action No. 1:22-cv-00058 |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 13) and Plaintiff's "Objections to the R&R of the Magistrate Judge" ("Objections") (Dkt. No. 14). The R&R is **ADOPTED** for these reasons:

### I.     PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits under Title II of the Social Security Act with Commissioner. Dkt. No. 8-10. As part of the administrative process, Plaintiff underwent a consultative evaluation with Dr. Sheila M. Bailey ("Dr. Bailey"). Dkt. No. 8-4 at 9-16, 335-338. Plaintiff's application was denied twice. Dkt. No. 8-6. An Administrative Law Judge ("ALJ") held a hearing and found that Plaintiff was not disabled. Dkt. No. 8-4. Plaintiff filed an appeal with the Appeals Council, which ultimately denied review, making the ALJ's decision final and ripe for judicial review. Dkt. No. 8-3.

Plaintiff filed her Original Petition in this Court under 42 U.S.C. § 405(g) seeking to overturn the ALJ's decision. Dkt. No. 1. Plaintiff filed her "Motion for Summary Judgment" ("MSJ") (Dkt. No. 10), arguing she was entitled to summary judgment because (1) the ALJ failed to properly develop the record by not contacting the psychological consultative examiner; and (2) the ALJ failed to explain the resolution of the conflict over the discrepancy between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles. Commissioner filed her Cross MSJ (Dkt. No. 11) and Brief in Support of her Cross MSJ (Dkt. No. 12), arguing there was substantial evidence to support the ALJ's findings.

The R&R (Dkt. No. 13) finds that (1) the ALJ properly developed the record despite not recontacting Dr. Bailey; and (2) the ALJ's decision aligned with the VE's testimony and skill level required in the DOT job descriptions. The R&R (Dkt. No. 13) recommends the Court (1)

1

deny Plaintiff's MSJ; (2) grant Commissioner's MSJ; and (3) affirm the Commissioner's decision. Dkt. No. 13 at 1. Plaintiff timely filed her "Objections" (Dkt. No. 14).

## II. DISCUSSION

### A. Plaintiff did not object to the magistrate's finding that the ALJ's determination aligned with the jobs Plaintiff proposed.

Plaintiff did not object to the R&R's findings that the ALJ's determination aligned with the jobs Plaintiff proposed. *See* Dkt. No. 14. If no party objects to the magistrate's ruling, the appropriate standard of review is "clearly erroneous, abuse of discretion and contrary to law." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Finding no clear error, abuse of discretion, or finding contrary to law, the R&R's findings that there was substantial evidence to support the ALJ's decision aligns with the jobs proposed are **ADOPTED**.

### B. Plaintiff objected to the magistrate's finding that the ALJ record was properly developed.

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). On review of the Commissioner's denial of benefits, the district court must limit its analysis to: (1) whether the Commissioner applied the correct legal standards; and (2) whether substantial evidence supports the Commissioner's decision. *Est. of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court weighs four elements to determine whether substantial evidence supports the Commissioner's determination: (1) the objective medical facts; (2) the diagnoses and opinions of treating physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). There is no substantial evidence if "there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164). The court may not substitute its judgment for the Commissioner's. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner to resolve. *Martinez*, 64 F.3d at 174.

2

An ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley v. Chater,* 67 F.3d 552, 557 (5th Cir. 1995). Reversal is appropriate only if Plaintiff shows that she was prejudiced. *Id.* Prejudice can be established by showing that, had the ALJ adequately performed his duty, he "could and would have adduced evidence that might have altered the result." *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir.1984).

As part of the five-step sequential evaluation process, the ALJ reviews the consultative examination ("CE") report to determine whether the specific information requested was furnished. 20 C.F.R. § 404.1519p(a); *see* 20 C.F.R. § 404.1520(a). The ALJ considers several enumerated factors to determine whether the CE was sufficient. 20 C.F.R. § 404.1519p(a). The ALJ must recontact the medical source who performed the CE "if the report is inadequate or incomplete" to determine whether the claimant is disabled. 20 C.F.R. § 404.1519p(b).

Plaintiff argues the ALJ's record was not developed because it noted "Dr. Bailey did not provide a functional assessment on [Plaintiff]'s mental abilities," so it should have recontacted Dr. Bailey for clarification. Dkt. No. 14 at 1; Dkt. No. 8-4 at 16. But this does not render Dr. Bailey's report "inadequate" or "incomplete" to warrant a request for supplementation under 20 C.F.R. § 404.1519p(b). To assess a claimant's mental abilities, the Commissioner assesses "the nature and extent of [the claimant's] mental limitations and restrictions" to "determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(c). The claimant's "limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work." *Id.* The ALJ was satisfied Dr. Bailey's report and the other medical evidence contained sufficient information to determine whether Plaintiff was mentally disabled.[1] *See* Dkt. No. 8-4 at 11-16. Indeed, the ALJ noted that

> While treatment notes occasionally note [Plaintiff] exhibited some signs consistent with mental dysfunction, . . . overall, mental status examinations throughout the record were mostly unremarkable, indicating [Plaintiff] was alert, fully oriented, and cooperative and

---

[1] In reaching his conclusion at the reconsideration level, the ALJ relied on the disability determinations by Drs. Jamie R. Salinas and Shelia M. Bailey at the initial level; a psychological consultative examination by Dr. Sheila M. Bailey; an internal medicine consultative examination by Dr. Jamie R. Salinas; 81 pages of hospital records from Valley Regional Medical Center from 2021; 147 pages of office treatment records from Su Clinica Familiar; 84 pages of hospital records from Manatee Memorial Hospital; and a 2 page statement from Karla Lopez, M.D. of Su Clinica Brownsville. Dkt. No. 8-4 at 31, 34-35.

3

> exhibited a normal mood and affect, normal speech, a normal attention span and concentration, normal memory, no hallucinations, no delusions, and normal judgment and insight. Furthermore, the medical record establishes [Plaintiff]'s mental treatment regimen consisted of prescription medication . . . [and] this treatment was generally effective . . . .

Dkt. No. 8-4 at 14 (cleaned up). So long as such evidence exists, the ALJ need not supplement the record with more evidence. *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008) (citing 20 C.F.R. §§ 404.15156, 416.916; *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989)).

Plaintiff also argues that the ALJ erred by failing to recontact Dr. Bailey for clarification because it left the ALJ with only a non-examining, non-treating state agency consultant to determine Plaintiff's residual functional capacity ("RFC"). Dkt. No. 14. "Treating source opinion is always preferable and entitled to due deference but is not a *sine qua non* evidentiary element." *Bodin v. Barnhart*, No. 1:02-CV-537, 2004 WL 3237480, at *4 (E.D. Tex. Aug. 11, 2004). Rather, a valid RFC must: (1) have a medical source's opinion; (2) the opinion must address effects of impairments on ability to work; and (3) the opinion must be supported by specific evidentiary facts and an explanation providing a basis or justification for the opinion. *Id.* The RFC here meets these elements.

Plaintiff has also not shown how recontacting Dr. Bailey would have overcome the substantial medical evidence in the record and altered the ALJ's decision.

Thus, after de novo review, the R&R (Dkt. No. 13) is **ADOPTED**.

## III. CONCLUSION

The Court **ADOPTS** the R&R (Dkt. No. 13). The Plaintiff's Objections (Dkt. No. 14) are **OVERRULED**. Plaintiff's MSJ (Dkt. No. 10) is **DENIED**. Commissioner's Cross MSJ (Dkt. Nos. 11 & 12) is **GRANTED**. Plaintiff's claims against Commissioner are **DISMISSED with prejudice**. The decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of the Court is **ORDERED** to close this case.

Signed on this 6th day of June, 2023.

Rolando Olvera
United States District Judge